THE DRAWDY INVESTMENT COMPANY, a Florida corporation, *Appellant,* v. McIntosh Investment Company, a Florida Corporation, *Appellee.*

146 So. 553.

Opinion filed March 2, 1933.

532

*J. B. Murrow,* for Appellant;

*Akerman & Akerman,* for Appellee.

JOHNSON, Circuit Judge.—The appellee, plaintiff in the court below, filed its bill of complaint in the Circuit Court for Seminole County, against the appellant, defendant in the court below, to foreclose a tax lien based upon a tax sale certificate dated June 2nd, 1924, and including subsequent unpaid taxes to and including all subsequent years. The bill of complaint alleged that the defendant, Drawdy Investment Co., was a Florida corporation, but that it had never complied with the laws of Florida by appointing an agent upon which the service of process could be made; that after diligent search no officer or agent of the said defendant corporation could be found upon which service of process could be made. A certificate from the Secretary of State was filed with the bill of complaint. The bill of complaint further alleged upon information and belief that the said defendant, Drawdy Investment Company, is a defunct corporation no longer doing business or attempting to do business in the State of Florida. Service by publication was made on said defendant, and such service was made returnable to rule day in February, 1932, same being February 1st. On February 1st the Clerk of the Circuit Court, Seminole County, received the following telegram:

"Please enter our appearance chancery case twenty eight fifty and twenty eight fifty six.

"(Signed) Hack and Kohloss."

· On this telegram the Clerk refused to enter defendant's appearance. On February 2nd, one day after rule day, the Clerk received through the mail a formal appearance. The complainant applied for and had entered a decree *pro confesso* against the defendant. On this decree *pro confesso* a final decree was entered on the 5th day of February. Under this final decree the property embraced in the tax certificate foreclosed on was advertised and sold on the first Monday in March, 1932. The Master's report of sale was confirmed on March 9th, 1932. On March 26th, 1932, the defendant, by its attorneys, filed a motion to vacate the decree *pro confesso* and to set aside the final decree on the grounds: that the defendant had entered its appearance on rule day in February, 1932; that the final decree was based on a decree *pro confesso* improperly entered and therefore void; and that the final decree was entered in a sum greatly in excess of the sums due the complainant. This motion was denied by the Judge of the Circuit Court.

In the light of the fact that the bill of complaint alleged that the defendant corporation had not complied with the laws of Florida governing corporations, and alleging on information and belief that it was a defunct corporation, the telegram purporting to be a *praecipe* for the entry of the defendant's appearance might reasonably be held to be insufficient under Section 6 of Chapter 14658, Laws of Florida, Acts of 1931. The court below passed upon the sufficiency of this appearance and of the regularity of the entry of the decree *pro confesso*. Had the defendant, with due diligence, made a motion to vacate the decree *pro confesso,* and in due time had tendered a meritorious answer or defense to the bill of complaint we do not hesitate to say that the decree *pro confesso* should have been vacated. The decree *pro confesso* entered was not void, but was subject, on proper showing by the defendant, to be vacated.

The motion made by the defendant to vacate the decree *pro confesso* failed to come up to the requirements of Section 43 of Chapter 14658, Laws of Florida, Acts of 1931. For the reasons stated the decree is affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.